United States District Court
Southern District of Texas

**ENTERED**

January 31, 2017

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| A.P. MOLLER-MAERSK A/S, TRADINGS | § | |
| AS MAERSK LINE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civ. A. H-13-1726 |
| | § | |
| SAFEWATER LINES (1) PVT, LTD., | § | |
| SAMRAT CONTAINER LINES, INC. | § | |
| and ATNI, INC., | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court in the above referenced cause, seeking to recover clean up costs, freight demurrage, and other expenses arising from a spill of hydrochloric acid ("HDL) from a sealed shipping container after it was packed in drums and stowed aboard the vessel by M/S Global Multichem and carried across the ocean from Pipavav, India to Houston, Texas, are the following matters:

(1)    Samrat    Container    Lines,    Inc.'s ("Samrat's") opposition (instrument #55) to Plaintiff A.P. Moller-Maersk A/S, Trading as Maersk    Line's    ("Maersk's")    notice    of dismissal (#54) of Defendants Safewater Lines (I) Pvt. Ltd. ("Safewater I") and Safewater

Lines India Pvt. Ltd. ("Safewater")[1] with prejudice;

(2) Defendant and Cross-Claimant Samrat's Federal Rule 55(a)'s[2] request for entry of default against Cross-Claim Defendant Safewater I (#57);

(3) Defendant and Cross-Claimant Samrat's corrected motion to strike (#60, which supersedes #59) Plaintiff's opposition (#58) to Samrat's motion for entry of default (#57) of Safewater as to Samrat's Cross-Claim; and

(4) Samrat's motion to consolidate this case with H-16-cv-1565, *A.P. Moller-Maersk A/S, Trading as Maersk Line v. Samrat Container Lines, Inc.* (#65).

In the governing second amended complaint (#43), Maersk sues Defendants as freight forwarders, logistics providers, non-vessel operating common carrier ("NVOCC"), manufacturers, receivers and/or shippers of the HCL cargo for negligent failure to comply with regulations for the shipment of hazardous

---

[1] These two entities are sometimes referred to as two, and sometimes as one, but the documents show through the names that both are intended when mentioned. For clarity's sake, the Court has referred to both.

[2] Rule 55(a), "Entering a Default," states,

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

materials, breach of service contracts or contracts of carriage, and contribution of at least $243,775.03 under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. §§ 9601 *et seq.*

**Samrat's Opposition (#55) to Maersk's Notice of Dismissal (#54)**

On February 8, 2016 Maersk filed a voluntary notice of dismissal with prejudice under Federal Rule of Civil Procedure 41(a)(1)(i) against Safewater (I) and Safewater (#54) before they filed an answer or a motion for summary judgment, but after Maersk had settled with them.  The notice expressly stated that Maersk's claims against Samrat remained pending.

Samrat's objections to the notice of dismissal (#54) were filed on February 8, 2016.  Samrat first argues that because Samrat has filed responsive pleadings to the complaint and subsequently a cross-claim against the Safewater Defendants, under Rule 41(a)(2) Maersk was required, but failed, to file a motion and obtain a court order for the dismissal.  Samrat contends that in the parties' Second Joint Discovery/Case Management Plan (#40 in ¶ 6), Samrat made clear its intention to cross-claim against the Safewater Defendants and to add Global Multichem as a third party defendant, so the Court should leave Safewater Defendants in the case as cross-claim defendants of Samrat and not dismiss them on Maersk's notice.

The Court observes that Samrat filed its cross-claim against Safewater (I) and Safewater (#49) on January 25, 2016. That same day Maersk's attorney filed an order of partial dismissal of Safewater I and Safewater (#48), which this Court

struck (#53) because there was no motion accompanying it, because
the document was designated as an order without any explanation,
and because Samrat opposed it.[3]   Approximately two weeks later
Maersk filed its notice of dismissal, to which Samrat voiced its
objections the same day.

In response (#56), highlighting the fact that Samrat
provides no legal authority for any of its arguments, Maersk first
points out that as a matter of law "[t]he notice of dismissal is
'self-effectuating'" and "no order or other action by the district
court is required." *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 973
(5th Cir. 2015).  The Court has no role in such a dismissal.  *Id.*
Furthermore Samrat's filing of an answer does not bar Maersk from
filing a Rule 41 notice of voluntary dismissal as to another
defendant. *Plains Growers, Inc. By and Through Florists' Mutual
Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 255 (5th
Cir. 1973)(dismissal allowed as to defendants that have not filed
an answer or motion for summary judgment even when the case
remains pending against other defendants that have answered).

Second, Maersk questions the validity of the service on
the Safewater Defendants by "Federal Express; U.S. International
Mail, postage prepaid; e-mail, and facsimile" (#51, Certificate of
Service, and #52, Supplemental Certificate of Service) of Samrat's
cross-claim on the Safewater Defendants, which are located in

---

[3]  In #58 at p.3, Plaintiff's opposition to Samrat's
request for entry of default, Plaintiff now explains that it had
settled with Safewater Defendants and they were supposed to file
an agreed entry of an order of dismissal, but they did not appear
and file such, so Maersk's counsel filed an order that was not
agreed.

India, which is a signatory to the Hague Convention on Service Abroad of Judicial Documents and Extrajudicial Documents in Civil or Commercial Convention.  Samrat never attempted service under the Hague Convention, under which the methods of service appear to be limited to those under Rule 4(f)(3)("by other means not prohibited by international agreement, as the court orders"),[4] and

---

[4] Rule 4(h)(2) states that when a foreign corporation cannot be served in the United States, it must be served "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except under (f)(2)(C)(i).
Rule 4(f) states in whole,

**Serving an Individual in a Foreign Country.**
Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served at a place not within any judicial district of the United States:
(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents:
(2) If there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
(B) as the foreign authority directs in response to a letter rogatory or letter of request; or
(C) unless prohibited by the foreign country's law, by:
(i) delivering a copy of the summons and of the complaint to the individual personally; or
(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

which apparently has not been implemented.  Maersk asks the court
to strike the Certificate of Service (#51) and Supplemental
Certificate (#52) as improper.  Samrat attempted alternative
service without asking the court and without obtaining an order
from the court permitting alternative service, both required by
Rule 4(f)(3).  In addition Maersk emphasizes that even though
Magistrate Judge Stacy established a lengthy schedule on  May 13,
2015 in order to allow Samrat until January 12, 2016 to add
possible responsible parties as defendants and effect service
under the Hague Convention, Samrat did nothing for nine months.

      The Court agrees with Maersk as a matter of law that
Samrat's cross claim against the Safewater Defendants does not bar
Maersk's voluntary dismissal of the two entities as to Maersk's
claims against them.  *See also, e.g., Bechuk v. Home Depot U.S.A.,
Inc.*, 814 F.3d 287, 291 (5th Cir. 2016)(*quoting In re Amerijet*);
*In re Heritage Organization, LLC*, 466 B.R. 862, 873 (N.D. Tex.
2012)(citing *Plains Growers*); *Lankford v. National Carriers, Inc.*,
Civ. No. 6:12-1280, 2013 WL 672454, at *6 (W.D. La. Jan. 14,
2014)(same).  Nor did Samrat comply with the requirements for
alternative service under Rule 4(f)(3). The Court therefore
OVERRULES Samrat's objections and affirms the legal propriety of
Maersk's voluntary dismissal with prejudice of its claims against
the Safewater Defendants.

**Samrat's Request for Entry of Default**

**Against Cross-Claim Defendant Safewater I (#57) and**

---

        (3) by other means not prohibited by
international agreement, as the court orders.

**Samrat's Corrected Motion to Strike (#60)**

**Plaintiff's Opposition (#58) to  #57**

In its motion for entry of default (#57) against Safewater I and Safewater, Samrat states that it served its cross-claim (#49) on Safewater I and Safewater on January 26, 2016 (#51, proof of service by Federal Express, U.S. International Mail, postage prepaid, imaged e-mail, and facsimile by the attorney at law of the State of Maryland and #52, supplemental proof of service with copies of the Federal Express delivery confirmation).[5]  Under Rule 12(a)(2), Safewater I and Safewater were required to serve answers to the cross-claim within twenty days, or by February 15, 2016.  They failed to do so and therefore are in default.  Samrat requests entry of default against the Safewater Defendants pursuant to Federal Rule of Civil Procedure 55(a).

Maersk opposes the request on the grounds that Samrat has failed to establish proper service of process on Safewater I and Safewater, foreign companies located in India, under Hague Convention on Service Abroad of Judicial Documents and Extrajudicial Documents in Civil or Commercial Convention ("Hague Convention"), or under Rule 4(h)(2)("at a place not within any judicial district of the United States, in any manner prescribed

---

[5]  Plaintiffs point out that not only was the service improper, but the only confirmation provided by Samrat is the one for Federal Express (#52), which shows that it was signed for by M. Manisha, not the person to whom it is addressed (Anand Parab), there is no record of whether the package was finally delivered to Parab, and no record whether M. Manisha is an officer or director of the company authorized to receive service on it.

by Rule 4(f) for serving an individual, except personal delivery
under (f)(2)(C)(i)) and 4(f) of the Federal Rules of Civil
Procedure.   Without such proper service of process, entry of
default is precluded.  *Hazim v. Schiel & Denver Book Group,* Ci. A.
No. H-12-1286, 2013 WL 2152109, at *1, 2013 U.S. Dist. LEXIS 69837
at *2-3 (S.D. Tex. May 16, 2013)(without proper service, the court
lacks jurisdiction to enter default under Rule 55(a)), *citing
Sandoval v. Bluegrass Reg. Mental Health-Mental Retardation Bd.*,
No. 99-5018, 2000 WL 1257040, at *5 (6th Cir. July 11,(Rosenthal,
J.) 2000)("[T]here must be effective service of process on a
defendant before an entry of default can be made.").   In *Hazim*
Judge Rosenthal examined whether an entry of default and default
judgment were justified against a foreign defendant found in the
United Kingdom, with service of process effected by a Federal
Express and personal service on the office manager.   She
ultimately concluded that service was improper because there was
no service under the Hague Convention and the plaintiff failed to
explain how the methods of service (Federal Express and personal
service) were permissible under American, British, and
international law and therefore denied the request for entry of
default.[6]  *Hazim*, 2013 WL 2152109, at *3, 2013 U.S. Dist. LEXIS at
*6-9.  The Safewater Defendants never appeared in this lawsuit, so
they had to be served in India.  Maersk insists that Safewater has

---

[6] The United Kingdom and the United States are both
signatories to the Hague Convention.  *Hazim*, 2013 WL 2152109, at
*3,  2013 U.S. Dist. LEXIS at *8.   For the instant case, both
India and the United States are signatories.  *Federal Trade
Commission v. PCCare247,* Inc., No. 12 Civ, 7189 (PAE), 2013 WL
841037, at *3, 2013 U.S. Dist. LEXIS at *9-10.

never claimed, nor is there any evidence in the record, that Samrat ever attempted to serve Safewater by sending the required documents to the Central Authority in India under the Hague Convention nor under Rules 4(h)(2)(requiring it to serve Safewater "at a place not within any jurisdiction of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)) and 4(f). Therefore, as in *Hazim*, there is no jurisdiction over the Safewater Defendants to permit entry of default. Samrat has not provided any evidence (1) that India allows service by International Mail, Federal Express, email or facsimile, or (2) that the Clerk of this Court sent the required documents by International Mail to the Safewater Defendants, as would be required for alternative service under Rule 4(f)(2)(C)(ii), or (3) that this Court authorized an alternative means of service under Rule 4(f)(3).

In response Samrat moved to strike Maersk's opposition (#60). Noting that under Rule 55(a) the Clerk **must** enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" as "shown by affidavit or otherwise," Samrat maintains that service of pleadings after a complaint has been filed is governed by Federal Rule of Civil Procedure 5; Rule 5(b)(2)(C) expressly permits service by "mailing it to the person's last known address--in which event service is complete upon mailing." Samrat insists that service of Samrat's cross-claim on Safewater I and Safewater was effected by Federal Express, U.S. International Mail, postage prepaid, imaged e-mail, and facsimile

on January 26, 2016,[7] as is evidenced by the Certificate of
Service and Supplemental Certificate of Service.  Thus an answer
to the cross-claim was due by February 19, 2016, but none was
filed.     Moreover,  Samrat  incorrectly  maintains  that  *Hazim*
discussed the adequacy of a complaint, not a later filed pleading,
and therefore is inapposite.

In  response  (#61)  to  Samrat's  corrected  motion  to
strike, Maersk points out that Samrat's cross-claim was a new
claim for contribution and indemnity and thus it is subject to
service under Rule 5(a)(2), which provides in relevant part, "[A]
pleading that asserts a new claim for relief against such a party
must be served on that party under Rule 4," not under 5(b)(2)(C).
*See Waters v. Farmers Texas County Mutual Ins. Co.*, 9 F.3d 397,
399 (5th Cir. 1993).  Because Samrat did not serve the Cross-Claim
on the Safewater Defendants under Rule 4, entry of default is
prohibited.   *Alvarez v. Well-S Indus.*, No. 12-CV-8835(VSB)(KNF),
2014  WL  289548,  at  *1,  2014  WL  Dist.  LEXIS  87173,  at  *3-5
(S.D.N.Y.  2014).   Maersk  therefore  asks  that  the  Court  deny
Samrat's request for entry of default pursuant to Rule 55(a).

Just  because  a  brief  disagrees  with  another  party's
argument does not warrant striking it.  Indeed most litigation is

---

[7] Samrat explains that to be sure Safewater Defendants
had notice of the cross-claim, Samrat emailed a copy to an email
address he had used for years to communicate with them, faxed it
to a facsimile number it had also used for years, and sent a copy
via  Federal  Express  to  the  same  address  where  the  Indian
authorities  certified  that  Safewater  had  been  served  with  the
Second Amended Complaint.  Samrat also served a copy of the cross-
claim  and  the  Certificate  of  Service  on  Maersk  on  January  26,
2016. #60 at pp. 3-4.

comprised of such disagreements, which it is the role of the Court to resolve. Thus the Court denies the motion to strike Maersk's opposition, but addresses the merits of the dispute. The Court also does not strike the certificates of service because if they are invalid, they have no effect on the case.

Furthermore, here, too, the Court agrees with Maersk that service on the two Indian Safewater entities had to be made under the Hague Convention since both the United States and India are parties to it. As noted by the court in *Hazim*, the United States Supreme Court has stated that "'compliance with the Hague Convention is mandatory in all cases to which it applies.'" *Hazim*, 2013 WL 2152109, at *3, *quoting Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988). The Court therefore denies Samrat's request for entry of default because of lack of jurisdiction and Samrat's corrected motion to strike, also because of lack of jurisdiction and because Rule 4, not Rule 5(b)(2)(C), governs service of the new cross claim.

### Samrat's Motion for Consolidation (#65)

Samrat moves to consolidate this case with H-16-1564 under Rule 42(a)[8] on the grounds that they involve common

---

[8] Rule 42(a) provides, "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." The rule "should be used to expedite trial and eliminate unnecessary repetition and confusion." *Miller v. U.S. Postal Service*, 729 F.2d 1033, 1036 (5th Cir. 1984), *citing In re Air Crash Disaster*, 549 F.2d 1006, 1013 (5th Cir. 1977). "Consolidation does not so completely merge the two suits as to deprive a party of any substantial rights that he may have had if the actions had proceeded separately, for the two suits retain their separate identities and each requires the

questions of law and fact because both assert the same claims between Maersk and Samrat.   Both actions are pending in the Southern District of Texas, but the new one is presided over by the Honorable Alfred Bennett.   Questions of liability are the same, i.e, the invoice amounts due.   Samrat argues that there is no risk of confusion in consolidation and that consolidation will conserve judicial resources and reduce the time of trying both cases separately.

In its response in opposition (#66), Maersk points out that the instant case was filed on June 13, 2013 and is much further along in the procedural and discovery process that H-16-1565, filed almost three years later.   A comparison of the docket sheets demonstrates a wide gap.   Furthermore in the instant case Maersk has settled with Defendants ATNI, Inc. and the Safewater entities.   In the new case Plaintiff only obtained summons for Safewater I and Safewater on September 7, 2016, and there is no

---

entry of a separate judgment." *Id., citing Kershaw v. Sterling Drug, Inc.*, 415 F.2d 1009, 1012 (5th Cir. 1969).   Courts have wide discretion in deciding whether to allow consolidation. *Whiteman v. Pitrie*, 220 F.2d 914, 918 (5th Cir. 1955)(finding no abuse of discretion where the court denied a motion to consolidate a jury case with a nonjury case).   The court may consider factors such as "whether the actions are pending before the same court; . . . any risk of prejudice or confusion from the consolidation, and the risk of inconsistent adjudications of common factual or legal questions if the matters are tried separately; and whether consolidation will save time and expense." *Lay v. Spectrum Clubs, Inc.*, CV. No. SA-12-CV-00754-DAE, 2013 WL 788080, at *2 (W.D. Tex. March 1, 2013).   The court may decide that consolidation is inappropriate where "two cases have markedly different procedural postures," with one "rapidly nearing final judgment" and the other "just beginning," so consolidation would not serve judicial economy, but instead delay final resolution in the older case and create unneeded repetition and confusion. *See, e.g., Pedigo v. Austin Rumba, Inc.*, Cause No. A-08-CA-803-JRN, 2010 WL 2730463, at *1 (W.D. June 24, 2010).

entry in the record showing service has been effected on them in India.  A court may deny a motion to consolidate where "cases were at different stages of preparedness for trial." *St. Bernard General Hospital, Inc. v. Hospital Service Ass'n of New Orleans, Inc.,* 712 F.2d 978, 990 (5th Cir. 1983), *cert. denied*, 466 U.S. 970 (1984).[9]  Furthermore the facts and the law are not the same in the two suits.  The instant case is centered on the spill of HCL from a container after it arrived in Houston, with the central issue being whether Samrat is responsible, either through indemnity, negligence, or breach of contract, to reimburse Maersk for its clean up and related expenses.  The new suit asserts breach of contract claims for unpaid breach of contract claims in invoices attached as Appendix 1 to the complaint in the new suit.  Thus the legal and factual issues are different.  Therefore consolidation would not serve conservation of judicial resources.

The Court again agrees with Maersk that consolidation is not appropriate here and denies Samrat's motion.

Accordingly, for reasons stated in the Opinion and Order, the Court

ORDERS the following:

_____

[9] *In accord, Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 762 (5th Cir. 1989)("Consolidation may properly be denied in instances where the cases are at different stages of preparedness for tail."); *Rimkus Consulting Group, Inc. v. Cammarata*, Civ. A. No. H-07-0405, 2008 WL 5210722, at *22 (S.D. Tex. Dec. 12, 2008)("The court also considers whether the cases are at different stages of trial preparation"); *Arrieta v. Yellow Transportation, Inc.*, Civ. A. No. 3:05-CV-2271-D, 2009 WL 90359, at *1 (N.D. Tex. Jan. 13, 2009)(same).

(1) Samrat's objections (#54) to Maersk's voluntary dismissal of Safewater I and Safewater are OVERRULED and Maersk's claims against Safewater I and Safewater are DISMISSED WITH PREJUDICE pursuant to Maersk's notice of voluntary dismissal under Rule 41(a)(1)(I) (#54);

(2) Defendant and Cross-Claimant Samrat's Federal Rule 55(a)'s request for entry of default against Cross-Claim Defendants Safewater I and Safewater (#57) and corrected motion to strike (#60, which superseded #59) are DENIED; and

(3) Samrat's motion to consolidate (#65) this case with H-16-1565 is DENIED.

**SIGNED** at Houston, Texas, this _31st_ day of _January_, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE